UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN PRICE BAUM** | **NO:** |
| **VERSUS** | |
| **ACADEMY, LTD. d/ba/ ACADEMY SPORTS, MARY WILLIAMS, VINCE MORGAN, BATON ROUGE POLICE DEPARTMENT THROUGH THE CITY OF BATON ROUGE AND BRIAN BENNETT** | **JUDGE** <br><br> **MAGISTRATE** |

## COMPLAINT

**INTRODUCTION**

1. This lawsuit arises out of Academy Sports unlawful refusal on January 6, 2013 to sell an over the counter firearm to the plaintiff after he refused to provide information outside the requirements of 18 U.S.C. § 921 et seq. and the Firearms Transaction Record (ATF Form 4473). Brian Bennett, an off-duty Baton Rouge Police Officer, employed by Academy Sports, was ordered by the Academy Sports management team (Defendants Mary Williams and Vince Morgan) to remove Mr. Baum, a retired Louisiana State Police Lieutenant, from the store. The plaintiff refused and resisted an unlawful arrest by Bennett, whom body slammed plaintiff Baum to the store's floor causing severe back injuries.

**PARTIES**

2. Plaintiff, Stephen Price Baum, brings this action as an individual. Plaintiff is a resident of Baton Rouge, Louisiana, of the full age of majority.

3. Defendant, Academy, Ltd. d/b/a Academy Sports is a non-Louisiana partnership domiciled in Texas having its principal business office in Katy,

Texas. The individual defendants Mary Williams and Vince Morgan, at all relevant times were employees of Academy Sports 8464 Airline Highway, Baton Rouge, Louisiana.

4. Defendant Mary Williams is a resident of Baton Rouge, Louisiana and at all relevant times herein a manager at the Academy Sports employed by Defendant Academy, Ltd. Defendant Mary Williams is sued individually and in her capacity as an employee.

5. Defendant Vince Morgan, the store director for Academy Sports is a resident of the full age of majority of East Baton Rouge Parish, Louisiana. Defendant Vince Morgan is sued individually and as an employee.

6. Defendant City of Baton Rouge is a Louisiana governmental entity and at all relevant times herein the Baton Rouge Police Department was a branch or agency of the City of Baton Rouge. Defendant Brian Bennett was at all relevant times an employee of the Baton Rouge Police Department.

7. Defendant Brian Bennett is a resident of the full age of majority of East Baton Rouge Parish and at various times on January 6, 2013 was acting as an employee of Defendant Academy, Ltd. and/or the Baton Rouge Police Department. Defendant Brian Bennett is sued individually and in his various capacities as an Academy Sports employee and/or Baton Rouge Police Department officer.

**JURISDICTION AND VENUE**

8. This case arises under the Second Amendment to the United States Constitution and 42 USC 1983. This Court has subject matter jurisdiction over this case pursuant to 28 USC 1331.

9. This Court has jurisdiction over Plaintiff's supplemental claims under 28USC 1367.

10. Venue is proper in this district pursuant to 28 USC 1391 (b) and (e) in that the unlawful actions occurred in the Middle District and all of the parties reside in the Middle District.

## FACTUAL BACKGROUND

11. On January 6, 2013 the plaintiff went to the Academy Sports on Airline Highway to purchase a firearm.
12. The plaintiff began completing ATF Form 4473 in order to comply with the background check mandates for an over-the-counter firearms transaction.
13. The ATF form makes a buyer's disclosure of his/her social security number optional.
14. The identified ATF form also provides that a firearms buyer does not have to disclose "information unless it (the form) displays a currently valid OMB control number."
15. An Academy sales clerk presented the plaintiff with an Academy Store form which required Mr. Baum to disclose his personal telephone number.
16. The plaintiff, due to his extensive law enforcement background refused to provide non-ATF data to Academy in connection with the sale of a firearm.
17. Upon his refusal, the store manager defendant Mary Williams was summoned to the gun counter.
18. Again the plaintiff reiterated, to her, his position that ATF background requirements did <u>not</u> include divulging a personal telephone number.
19. Ms. Williams accused the plaintiff of causing a disturbance and abruptly left the zone to contact store director and defendant Vince Morgan.
20. Defendant Vince Morgan confirmed to defendant Mary Williams that store policy (Academy) precluded the sale of a firearm to a customer whom would not disclose his/her telephone number.
21. Upon information and belief, Defendants Mary Williams and Vince Morgan bolstered their gun sales denial by reference to the plaintiff's "conduct" at the gun counter.

22. Defendant Mary Williams returned to the Academy gun counter accompanied by store security agent and off duty Baton Rouge Police Department Officer Brian Bennett.
23. The plaintiff was again informed by Defendant Mary Williams he could not purchase a gun from Academy Sports without providing a telephone number.
24. The plaintiff firmly reiterated his rights as a gun buyer under the Second Amendment and ATF rules when Academy security guard/Baton Rouge Police Department Officer Brian Bennett interceded and attempted to arrest the plaintiff for disturbing the peace.
25. The plaintiff resisted the unlawful arrest.
26. Defendant Brian Bennett, acting on behalf of Academy Sports and under color of State law as a Baton Rouge Police Department officer body slammed the plaintiff to the store floor and handcuffed him causing serious bodily injuries.
27. The plaintiff was arrested and charged with disturbing the peace, resisting arrest and public intimidation.
28. The plaintiff was incarcerated and required to post a bond to effectuate his release.
29. The plaintiff is currently under the care of a back surgeon in connection with the injuries he received at the hands of Academy Sports Security Agent and Baton Rouge Police Department Officer Brian Bennett.
30. The individual Defendants, at all relevant times herein, were acting under color of State law.

**COUNT I- 42 USC 1983 VIOLATION (false arrest and/or excessive force)**

31. The Plaintiff hereby incorporates by reference paragraph 1 through 30 herein, as if set forth in full.
32. The actions of all of the Defendants acting under color of State law deprived the Plaintiff of his rights under the IV and XIV Amendments to the United States Constitution. Accordingly, the Plaintiff brings his claims for damages for the violation of these rights based on 42 USC 1983.

33. The Defendants violated Plaintiff's IV and XIV Amendment Rights, inter alia, by subjecting him to a false arrest and excessive and unreasonable force by body slamming him and by utilizing further unnecessary and excessive force when deploying restraint techniques. The Defendants had NO justification to arrest him or for the level of force used to refuse a gun sale. The Defendants further violated the Plaintiff's Constitutional Rights by imposing summary punishment on him through the use of excessive force both before and after he was restrained.

34. The acts of the Defendants outlined in the preceding paragraph establish the Defendants acted with intentional and deliberate indifference to the Plaintiff's constitutional rights.

35. As a direct result of the Defendants' acts, the Plaintiff suffered a herniated lumbar disc, other physical injuries, anxiety, degradation and loss of income.

36. The flagrant, willful, malicious intentional oppressive and reckless actions of the Defendants, outlined above, were accomplished in willful disregard of the rights, welfare and safety of the Plaintiff. Accordingly, an award of punitive damages are justified.

## COUNT II – SUPERVISOR LIABILITY ARISING FROM FALSE ARREST EXCESSIVE FORCE

37. The Plaintiff hereby incorporates by reference paragraphs 1 through 36 herein, as if set forth in full.

38. This claim is brought under 42 USC 1983 for violations of the Plaintiffs rights under the IV and XIV Amendments to the United States Constitution.

39. Defendants City of Baton Rouge and Defendant Academy, Ltd. failed to adequately train, supervise, discipline or in any other way control the individually named employees, Mary Williams, Vince Morgan and Brian Bennett in exercise of their duties including cognizance of ATF gun sale regulations; the II Amendment; probable cause to arrest; and the use of force.

40. The training failure(s) led to the injuries suffered by the Plaintiff.

41. The City of Baton Rouge and Academy, Ltd. failed to adequately train, supervise, discipline or in any manner control the identified individual Defendant Brian Bennett despite previous complaints against him and Baton Rouge Police Department for excessive force.

42. Defendants City of Baton Rouge and Academy, Ltd. have knowingly and deliberately fostered, maintained and condoned a policy practice and custom that was deliberately indifferent to the constitutional rights of the Plaintiff and said customs/policies were a direct and legal cause of Plaintiff's injuries.

43. The identified policies, practices and customs included failing to properly train, discipline, and supervise employees regarding ATF gun sales, probable cause and the use of force.

44. As a direct and legal result of the acts and omissions of the Defendants, Plaintiff has suffered damages including, a herniated lumbar disc, medical expenses, loss of enjoyment of life, attorneys fees and bond costs.

## COUNT III- 2ND AMENDMENT VIOLATION

45. The Plaintiff hereby incorporates by reference paragraphs 1 through 43 herein, as if set forth in full.

46. At all relevant times herein Defendants Academy, Ltd., Mary Williams and Vince Morgan were acting under color of State and Federal law as licensed retail gun sellers.

47. Defendants Academy, Ltd., Mary Williams and Vince Morgan abridged their duties under the Second Amendment; Bureau of Alcohol, Tobacco, Firearms and Explosives regulations as embodied in ATF Form 4473; and 18 USC § 921 et seq. buy requiring the plaintiff to reveal his personal phone number in order to legally purchase an over the counter firearm.

48. The plaintiff was falsely arrested, beaten and jailed for asserting his rights under the Second Amendment to the United States Constitution.

## COUNT IV – BATTERY

49. The Plaintiff hereby incorporates by reference paragraphs 1 through 47 herein, as if set forth in full.
50. The Plaintiff asserts a claim of battery against the Defendants based on the savage beating, all of which were a direct and legal cause of the damage to Plaintiff.
51. As a direct and legal result of the acts and omissions of the Defendants, Plaintiff has suffered damages including, a herniated lumbar disc, medical expenses, loss of enjoyment of life, attorneys fees and bond costs.

## COUNT V- NEGLIGENCE

52. Plaintiff hereby incorporates by reference paragraphs 1 – 50 herein as if set forth in full.
53. Plaintiff avers each individual Defendant owed a duty of care to the Plaintiff in which they were required to exercise reasonable care to see that Plaintiff was not harmed by their conduct. Defendants breached that duty of care by savagely beating, stop him over a gun sale.
54. The City of Baton Rouge negligently hired, retained, supervised, trained the individual Baton Rouge Police Department Defendant Officer responsible for Plaintiff's injuries.
55. As a direct and legal result of the acts and omissions of the Defendants, Plaintiff has suffered damages including, a herniated lumbar disc, medical expenses, loss of enjoyment of life, attorneys fees and bond costs.
56. The Plaintiff prays for a jury trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

1. An award of compensatory damages against all Defendants after a jury trial on the merits;

2. Medical Expenses;
3. An award of punitive damages against all Defendants in their individual capacities;
4. Attorney fees and costs;
5. All other equitable or legal relief to which Plaintiff is entitled.

Respectfully Submitted By,

___/s/ Andre' P. LaPlace___
ANDRÉ P. LaPLACE
2762 Continental Drive, Suite 103
Baton Rouge, Louisiana  70808
Telephone:   (225) 924-6898
Email:         alaw@andrelaplace.com
Bar No.:       8039

___/s/Glynn Delatte, Jr.___
GLYNN DELATTE, JR.
9247 Bluebonnet Boulevard, Suite C
Baton Rouge, Louisiana  70810
Telephone:   (225)709-9000
Email:         delatte@louisianadwi.com
Bar No.:       24073