UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STEPHEN P. BAUM

VERSUS

ACADEMY, LTD. D/B/A ACADEMY
SPORTS & OUTDOORS, ET AL.

CIVIL ACTION

NO. 14-006-JJB-SCR

**RULING**

This matter is before the Court on the Defendants' Academy Ltd. d/b/a Academy Sports & Outdoors, Mary Williams, and Vince Morgan's Motion (doc. 20) to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted. The plaintiff Stephen Baum opposes the motion. (Doc. 22). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS** the defendants' Motion (doc. 20) to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.

**Background**

The following facts come from the original complaint filed in this matter and are taken as true for the purposes of this ruling. Academy Ltd. ("Academy") is a Texas partnership that does business through Academy Sports & Outdoors stores. At all relevant time, Defendants Mary Williams and Vince Morgan were employees at the Academy Sports & Outdoors store located at 8464 Airline Highway in Baton Rouge, Louisiana.

On January 6, 2013, the plaintiff alleges that he went to the Academy store to purchase a firearm. While completing the purchasing process, the Academy sales clerk presented the plaintiff with an Academy store form that "required Mr. Baum to disclose his personal telephone number." (Doc. 1, p. 3, ¶ 15). The plaintiff refused to provide any information not required by the ATF, such as his telephone number. Upon his refusal, the sales clerk asked Mary Williams to

1

speak with the plaintiff, as she was the store manager at that time. The plaintiff again refused to supply non-ATF data in connection with his firearm purchase.

At that point, Ms. Williams contacted defendant Vince Morgan, the store director, as she felt that the plaintiff was causing a disturbance. Defendant Morgan confirmed to Ms. Williams that Academy's policy "precluded the sale of a firearm to a customer [that] would not disclose his/her telephone number." (Doc. 1, p. 3, ¶ 20). Thereafter, Defendant Williams returned to the firearms counter accompanied by store security agent and off duty Baton Rouge Police Department Officer Brian Bennett." (Doc. 1, p. 4, ¶ 22). Ms. Williams reiterated that under Academy's policy the plaintiff could not purchase a firearm without providing his telephone number, which the plaintiff disagreed with pursuant to the Second Amendment and ATF rules. It was at that point that Brian Bennett intervened and attempted to arrest the plaintiff for disturbing the peace. The plaintiff resisted the attempted arrest. Based on the resistance, Defendant Bennett body slammed the plaintiff to the store floor and proceeded to handcuff him.

As a result of this encounter and the alleged, serious bodily injuries suffered, the plaintiff filed suit in this Court. The plaintiff asserts multiple claims for relief, including claims under 42 U.S.C. § 1983 for alleged Fourth and Fourteenth Amendment violations, claims for supervisory liability, and claims that the defendant violated his Second Amendment rights. The defendants Academy Ltd., Mary Williams, and Vince Morgan filed the pending motion seeking dismissal of the plaintiff's "claims under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments, Supervisor Liability, and under the Second Amendment." (Doc. 20, p. 1).

## Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Moreover, the Court does not have to accept as true any legal conclusion contained in the complaint. *Id.*

> Section 1983 provides the following:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. First and foremost, in making this ruling, the Court did not consider any of the evidence submitted by the plaintiff through his opposition. Furthermore, based on the Court's review, the plaintiff failed to plead sufficient facts to state a Section 1983 "claim to relief that is plausible on its face" against the present defendants. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). Even accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff, the Court finds that the plaintiff failed to plead sufficient facts to state a claim that the alleged actions of these defendants—a private institution and its employees—would constitute action "under color of state law." Accordingly, for reasons more fully set forth in the defendants' motion and reply, the Court must

grant the motion to dismiss, and accordingly, dismiss the Section 1983 claims against defendants Academy Ltd. d/b/a Academy Sports & Outdoors, Mary Williams, and Vince Morgan.

**Conclusion**

Therefore, the Court **GRANTS** the Defendants' Academy Ltd. d/b/a Academy Sports & Outdoors, Mary Williams, and Vince Morgan's Motion (doc. 20) to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.

Signed in Baton Rouge, Louisiana, on May 27, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**